Israel Klein, Esq.
PARDALIS & NOHAVICKA, LLP
950 Third Avenue, 25th Floor
New York, NY 10022
Tel. (212) 213-8511
Fax. (347) 897-0094
Israel@pnlawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x
ROBERTO CRUZ, individually and on behalf of all other similarly situated employees,

                       Plaintiff,

      -against-

JOE'S PIZZA BEDFORD LLC d/b/a JOE'S PIZZA, PINO POZZUOLI a/k/a JOE POZZUOLI, PINO JR. POZZUOLI a/k/a JOE JR. POZZUOLI and PINO VITALE,

                       Defendants.
-----------------------------------------------------------------------x

Index No.:

**FLSA COLLECTIVE ACTION COMPLAINT**

**NATURE OF THE ACTION**

1. Plaintiff Roberto Cruz ("Mr. Cruz" or "Plaintiff"), by and through his attorneys, Pardalis & Nohavicka, LLP, brings this collective action on behalf of himself and on behalf of all other similarly situated employees against Defendants Joe's Pizza Bedford LLC d/b/a Joe's Pizza ("Joe's Pizza"), Pino Pozzuoli a/k/a Joe Pozzuoli ("Pino Pozzuoli"), Pino Pozzuoli Jr. a/k/a Joe Jr. Pozzuoli ("Pino Jr. Pozzuoli") and Pino Vitale ("Mr. Vitale") (collectively, "Defendants") seeking damages and other appropriate relief for Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), Articles 6, §§ 190 *et seq.*, 7, § 215, and 19, §§ 650 *et seq.*, as well as the supporting New York State Department of Labor Regulations for failing to pay Plaintiff overtime compensation,

minimum wages, comply with notice and record-keeping requirements and for unlawful retaliation.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States; namely, the FLSA, 29 U.S.C. §§ 201 *et seq*.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so closely related to the federal claims that they form part of the same case or controversy.

4. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

5. Venue is proper in the Eastern District of New York under 28 U.S.C. §§ 1391(b)(1) and (2) because Defendants conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

**A. Plaintiff**

6. Plaintiff is a citizen of the State of New York, County of Queens. At all relevant times, Plaintiff was employed by Defendants and was a covered "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2). At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA and NYLL §§ 2, 651.

B. **Defendant Joe's Pizza**

7. Defendant Joe's Pizza is a domestic limited liability company organized and existing under the laws of the State of New York. At all relevant times, Defendant Joe's Pizza's principal place of business was located at 216 Bedford Ave, Brooklyn, NY 11249. At all relevant times, Defendant Joe's Pizza met the definition of a covered "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and all regulations thereunder, 29 C.F.R. § 791.2 and NYLL §§ 2, 190(3).

8. Defendant Joe's Pizza is a pizza restaurant that has been featured as a top ten (10) listing in restaurant guides and publications such as Time Out New York and New York Magazine. New York Magazine named Defendant Joe's Pizza "Best of New York" and in subsequent reviews referred to it as "the quintessential New York slice." In 2009, GQ Magazine listed Defendant Joe's Pizza as one the "Best 25 Pizzas on Earth."

9. At all relevant times, Defendant Joe's Pizza employed and continues to employ at least twenty (20) employees.

10. At all relevant times, Defendant Joe's Pizza maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll and other employment practices.

11. At all relevant times, Defendant Joe's Pizza was engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a), 207(a).

12. At all relevant times, Defendant Joe's Pizza's annual gross volume of sales or income was not less than five hundred thousand dollars ($500,000), exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

### C. Defendant Pino Pozzuoli

13. Defendant Pino Pozzuoli is a citizen of the State of New York, County of New York. At all relevant times, Defendant Pino Pozzuoli was and is the owner, principal, authorized operator, manager, supervisor, shareholder and/or agent of Defendant Joe's Pizza. At all relevant times, Defendant Pino Pozzuoli met the definition of a covered "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and all regulations thereunder, 29 C.F.R. § 791.2 and NYLL §§ 2, 190(3).

14. At all relevant times, Defendant Pino Pozzuoli employed and continues to employ at least (20) employees.

15. At all relevant times, Defendant Pino Pozzuoli held the discretionary power to create and enforce personnel decisions on behalf of Defendant Joe's Pizza, including but not limited to: (1) hiring and terminating employees; (2) setting and authorizing the issuance of wages; (3) maintaining employee records; (4) setting employees' schedules; (5) instructing, supervising and training employees; and (6) otherwise controlling the terms and conditions of Plaintiff's employment.

16. At all relevant times, Defendant Pino Pozzuoli set and/or approved Defendant Joe's Pizza's payroll policies, including the unlawful practices complained of herein.

### D. Defendant Pino Jr. Pozzuoli

17. Defendant Pino Jr. Pozzuoli is a citizen of the State of New York, County of New York. At all relevant times, Defendant Pino Jr. Pozzuoli was and is the owner, principal, authorized operator, manager, supervisor, shareholder and/or agent of Defendant Joe's Pizza. At all relevant times, Defendant Pino Jr. Pozzuoli met the definition of a covered "employer" within

the meaning of the FLSA, 29 U.S.C. § 203(d) and all regulations thereunder, 29 C.F.R. § 791.2 and NYLL §§ 2, 190(3).

18. At all relevant times, Defendant Pino Jr. Pozzuoli employed and continues to employ at least (20) employees.

19. At all relevant times, Defendant Pino Jr. Pozzuoli held the discretionary power to create and enforce personnel decisions on behalf of Defendant Joe's Pizza, including but not limited to: (1) hiring and terminating employees; (2) setting and authorizing the issuance of wages; (3) maintaining employee records; (4) setting employees' schedules; (5) instructing, supervising and training employees; and (6) otherwise controlling the terms and conditions of Plaintiff's employment.

20. At all relevant times, Defendant Pino Jr. Pozzuoli set and/or approved Defendant Joe's Pizza's payroll policies, including the unlawful practices complained of herein.

**E.  Defendant Vitale**

21. Defendant Vitale is a citizen of the State of New York, County of New York. At all relevant times, Defendant Vitale was and is the owner, principal, authorized operator, manager, supervisor, shareholder and/or agent of Defendant Joe's Pizza. At all relevant times, Defendant Vitale met the definition of a covered "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and all regulations thereunder, 29 C.F.R. § 791.2 and NYLL §§ 2, 190(3).

22. At all relevant times, Defendant Vitale employed and continues to employ at least (20) employees.

23. At all relevant times, Defendant Vitale held the discretionary power to create and enforce personnel decisions on behalf of Defendant Joe's Pizza, including but not limited to: (1) hiring and terminating employees; (2) setting and authorizing the issuance of wages; (3)

maintaining employee records; (4) setting employees' schedules; (5) instructing, supervising and training employees; and (6) otherwise controlling the terms and conditions of Plaintiff's employment.

24.     At all relevant times, Defendant Vitale set and/or approved Defendant Joe's Pizza's payroll policies, including the unlawful practices complained of herein.

## STATEMENT OF FACTS

25.     Plaintiff was employed by Defendants as a cook for approximately five (5) years, from November 2015 to September 30, 2020.

26.     Plaintiff's duties included preparing and baking pizzas, cleaning the work station and moving incoming boxes to the restaurant.

27.     Plaintiff regularly engaged in interstate commerce throughout the course of his employment, such as handling the above materials.

### A. **Defendants Fail to Pay Plaintiff Minimum Wages and Overtime Compensation from November 2015 Until Approximately October 2019**

28.     From November 2015 until approximately October 2019, Plaintiff worked for Defendants ten (10) hours per day, from 9:00 a.m. to 7:00 p.m., seven (7) days per week, Monday through Sunday. Plaintiff did not take any breaks during the day, including meal breaks. Plaintiff did not take off from work for holidays, nor did he take vacation or sick time.

29.     From November 2015 until approximately October 2019, Plaintiff was compensated in cash at an hourly rate of ten dollars and seventy-one cents ($10.71).

30.     From December 31, 2016, through October 2019, Defendants failed to pay Plaintiff in accordance with the New York State applicable statutory minimum wage.

31. From November 2015 until approximately October 2019, Defendants failed to provide Plaintiff with any overtime or straight time compensation for all hours worked in excess of forty (40) hours per week.

**B. Defendants Fail to Pay Plaintiff Overtime Compensation from Approximately October 2019 Until Approximately March 2020**

32. From approximately October 2019 until approximately March 2020, Plaintiff worked for Defendants ten (10) hours per day, from 9:00 a.m. to 7:00 p.m., seven (7) days per week, Monday through Sunday. Plaintiff did not take any breaks during the day, including meal breaks. Plaintiff did not take off from work for holidays, nor did he take vacation or sick time.

33. From approximately October 2019 until approximately March 2020, Plaintiff was compensated by check at an hourly rate of sixteen dollars ($16.00), plus an additional approximately one hundred and seventy-five dollars ($175) per week in cash for overtime compensation.

34. From approximately October 2019 until approximately March 2020, Defendants failed to provide Plaintiff with overtime and straight time compensation for all hours worked in excess of forty (40) hours per week.

**C. Defendants Fail to Pay Plaintiff Overtime Compensation from Approximately March 2020 Until Approximately September 30, 2020**

35. From approximately March 2020 until September 30, 2020, Plaintiff worked for Defendants eight (8) hours per day, from 9:00 a.m. to 5:00 p.m., seven (7) days per week, Monday through Sunday. Plaintiff did not take any breaks during the day, including meal breaks. Plaintiff did not take off from work for holidays, nor did he take vacation or sick time.

36. From approximately March 2020 until September 30, 2020, Plaintiff was compensated by check at an hourly rate of sixteen dollars ($16.00), plus an additional

7

approximately one hundred and seventy-five dollars ($175) per week in cash for overtime compensation.

37. From approximately March 2020 until approximately September 30, 2020, Defendants failed to provide Plaintiff with overtime and straight time compensation for all hours worked in excess of forty (40) hours per week.

### D. Defendants Fail to Comply with Notice and Record-Keeping Requirements

38. At the time of Plaintiff's hiring, Defendants failed to provide him with notice of his hourly and overtime rates of pay, and the regular pay day designated by Defendants.

39. Throughout his employment with Defendants, Defendants failed to provide Plaintiff with any wage statements, time sheets, or other documents showing the amount of hours worked, rate of pay and compensation owed.

### E. Defendants Unlawfully Retaliate against Plaintiff

40. On or about September 30, 2020, Plaintiff notified Defendants of their failure to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) hours per week, and requested that Defendants begin doing so.

41. As a direct result of Plaintiff's request for overtime compensation, Defendants unlawfully retaliated against Plaintiff by immediately terminated his employment with Defendants.

## COLLECTIVE ACTION ALLEGATIONS

42. As this Complaint pertains to Causes of Action I-III, Plaintiff, on behalf of himself and all other similarly situated current and former employees of Defendants, including their parent, subsidiary and affiliated companies, brings this action as a collective action under the FLSA, pursuant to 29 U.S.C. § 216(b), to recover damages for unpaid overtime

compensation, unpaid minimum wages and for unlawful retaliation on behalf of the following individuals:

> All persons employed by Defendants at any time from October 2017 to the present and continuing who worked as non-exempt employees of Defendants who did not receive overtime compensation and/or minimum wages and/or suffered retaliation for related complaints ("Collective").

43. Plaintiff and Collective members are similarly situated inasmuch as they were required to work in excess of forty (40) hours per week without overtime and/or straight time compensation and/or suffered retaliation, in violation of the FLSA.

44. Plaintiff and the Collective members have/had substantially similar job duties and are/were paid pursuant to a similar, if not the same, payment structure.

45. Plaintiff's claims stated herein are similar to those of the Collective members.

46. Defendants have known that Plaintiff and Collective members performed work that required overtime compensation and minimum wages. Nonetheless, Defendants failed to pay Plaintiff and Collective members overtime and/or straight time compensation for all hours worked in excess of forty (40) hours per week and/or retaliated against them for related complaints.

47. As a result of these unlawful practices, Plaintiff and Collective members suffered a loss of wages.

48. Defendants' conduct has been willful and has caused significant damages to Plaintiff and Collective members.

## COUNT I
## UNPAID OVERTIME WAGES IN VIOLATION OF THE FLSA

49. Plaintiff and the Collective members hereby repeat and reallege all allegations set forth above as if fully set forth herein.

50. The FLSA, 29 U.S.C. § 207(a)(1), requires an employer to pay an employee engaged in commerce or in an enterprise engaged in commerce for all hours worked in excess of forty (40) hours per week "at a rate not less than one and one-half times the regular rate at which he is employed."

51. Throughout Plaintiff's and Collective members' employment with Defendants, Defendants were employers engaged in commerce or in an enterprise engaged in commerce within the meaning of the FLSA.

52. Throughout Plaintiff's and Collective members' employment with Defendants, Plaintiff and Collective members were employees engaged in commerce or in an enterprise engaged in commerce within the meaning of the FLSA.

53. In violation of the FLSA, 29 U.S.C. § 207(a)(1), Defendants failed to pay Plaintiff and Collective members overtime compensation for all hours worked in excess of forty (40) hours per week.

54. Defendants' unlawful conduct, as set forth herein, has been willful and intentional. Defendants were aware, or should have been aware, that the practices set forth in this Complaint were unlawful. Accordingly, a three (3) year statute of limitations is applicable pursuant to 29 U.S.C. § 255(a).

55. As a result of Defendants' violations of the FLSA, Plaintiff and Collective members have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, post-judgment interest, and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II
## UNPAID MINIMUM WAGES IN VIOLATION OF THE FLSA

56. Plaintiff and the Collective members hereby repeat and reallege all allegations set forth above as if fully set forth herein.

57. The FLSA, 29 U.S.C. § 206, requires an employer to pay an employee engaged in commerce or in an enterprise engaged in commerce a statutory minimum wage for all hours worked.

58. Throughout Plaintiff's and Collective members' employment with Defendants, Defendants were employers engaged in commerce or in an enterprise engaged in commerce within the meaning of the FLSA.

59. Throughout Plaintiff's and Collective members' employment with Defendants, Plaintiff and Collective members were employees engaged in commerce or in an enterprise engaged in commerce within the meaning of the FLSA.

60. In violation of the FLSA, 29 U.S.C. § 206, Defendants failed to pay Plaintiff and Collective members wages for all hours worked in excess of forty (40) hours per week.

61. Defendants unlawful conduct, as set forth herein, has been willful and intentional. Defendants were aware, or should have been aware, that the practices set forth in this Complaint were unlawful. Accordingly, a three (3) year statute of limitations is applicable pursuant to 29 U.S.C. § 255(a).

62. As a result of Defendants' violations of the FLSA, Plaintiff and Collective members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, post-judgment interest, and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT III
## UNLAWFUL RETALIATION IN VIOLATION OF THE FLSA

63. Plaintiff and the Collective members hereby repeat and reallege all allegations set forth above as if fully set forth herein.

64. The FLSA, 29 U.S.C. § 215(a)(3), prohibits an employer from terminating or discriminating against an employee as a result of complaints for unpaid overtime compensation or minimum wages made by the employee against the employer.

65. At all relevant times, Defendants were employers engaged in commerce or in an enterprise engaged in commerce within the meaning of the FLSA.

66. At all relevant times, Plaintiff and Collective members were employees engaged in commerce or in an enterprise engaged in commerce within the meaning of the FLSA.

67. In violation of the FLSA, 29 U.S.C. § 215(a)(3), Defendants unlawfully retaliated against Plaintiff and Collective members by terminating their employment as a result of complaints for unpaid overtime compensation and/or minimum wages made by Plaintiff and Collective members against Defendants.

68. Defendants' unlawful conduct, as set forth herein, has been willful and intentional. Defendants were aware, or should have been aware, that the practices set forth in this Complaint were unlawful. Accordingly, a three (3) year statute of limitations is applicable pursuant to 29 U.S.C. § 255(a).

69. As a result of Defendants' violations of the FLSA, Plaintiff and Collective members have been deprived of back and front wages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, post-judgment interest, and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT IV
## UNPAID OVERTIME WAGES IN VIOLATION OF THE NYLL

70. Plaintiff hereby repeats and realleges all allegations set forth above as if fully set forth herein.

71. Part 142 of Title 12 of the Codes, Rules, and Regulations of the State of New York requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 ½ times the employee's regular rate."

72. At all relevant times, Defendants were employers within the meaning of the NYLL.

73. At all relevant times, Plaintiff was an employee within the meaning of the NYLL.

74. In violation of NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.2, Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) hours per week.

75. Defendants' failure to pay Plaintiff his overtime compensation lacked a good faith basis within the meaning of NYLL § 663.

76. As a result of Defendants' violations of the NYLL, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, pre-judgment and post-judgment interest, and other compensation pursuant to NYLL § 198(1-a).

## COUNT V
## UNPAID MINIMUM WAGES IN VIOLATION OF THE NYLL

77. Plaintiff hereby repeats and realleges all allegations set forth above as if fully set forth herein.

78. NYLL § 652 requires an employer to pay its employees a statutory minimum wage for all hours worked.

79. At all relevant times, Defendants were employers within the meaning of the NYLL.

80. At all relevant times, Plaintiff was an employee within the meaning of the NYLL.

81. In violation of NYLL § 652, Defendants failed to pay Plaintiff wages for all hours worked in excess of forty (40) hours per week.

82. In violation of NYLL § 652, from December 31, 2016, through October 2019, Defendants failed to pay Plaintiff in accordance with the New York State applicable statutory minimum wage.

83. Defendants' failure to pay Plaintiff minimum wages lacked a good faith basis within the meaning of NYLL § 663.

84. As a result of Defendants' violations of the NYLL, Plaintiff has been deprived of minimum wages in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, pre-judgment and post-judgment interest, and other compensation pursuant to NYLL § 198(1-a).

## COUNT VI
## UNLAWFUL RETALIATION IN VIOLATION OF THE NYLL

85. Plaintiff hereby repeats and realleges all allegations set forth above as if fully set forth herein.

86. NYLL § 215(1)(a) prohibits an employer from terminating or penalizing an employee as a result of complaints for unpaid overtime compensation or minimum wages made by the employee against the employer.

87. At all relevant times, Defendants were employers within the meaning of the NYLL.

88. At all relevant times, Plaintiff was an employee within the meaning of the NYLL.

89. In violation of NYLL § 215(1)(a), Defendants unlawfully retaliated against Plaintiff by terminating his employment as a result of his request for unpaid overtime compensation.

90. As a result of Defendants' violations of the NYLL, Plaintiff has been deprived of back and front wages in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages up to twenty thousand dollars ($20,000), attorneys' fees, costs, disbursements, pre-judgment and post-judgment interest, and other compensation pursuant to NYLL § 215(2)(a).

## COUNT VII
## FAILURE TO PROVIDE TIMELY PAYMENTS IN VIOLATION OF THE NYLL

91. Plaintiff hereby repeats and realleges all allegations set forth above as if fully set forth herein.

92. NYLL § 191(1)(d) requires that "[a] clerical and other worker shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer."

93. At all relevant times, Defendants were employers within the meaning of the NYLL.

94. At all relevant times, Plaintiff was an employee within the meaning of the NYLL.

95. In violation of NYLL § 191(1)(d), Defendants failed to timely pay Plaintiff overtime and straight time compensation for all hours worked in excess of forty (40) hours per week.

96. In violation of NYLL § 191(1)(d), from December 31, 2016, through October 2019, Defendants failed to timely pay Plaintiff minimum wages.

97. As a result of Defendants' violations of the NYLL, Plaintiff has been deprived of timely minimum wages, overtime and straight time compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, disbursements, pre-judgment and post-judgment interest, and other compensation pursuant to NYLL § 198(1-a).

## COUNT VIII
**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF THE NYLL**

98. Plaintiff hereby repeats and realleges all allegations set forth above as if fully set forth herein.

99. NYLL § 195(3) requires an employer to furnish to each employee, together with every payment of wages, a statement that lists the dates of work covered by the payment of wages, the number of regular hours and overtime hours worked, the regular and overtime rates or rates of pay, and any allowances claimed.

100. At all relevant times, Defendants were employers within the meaning of the NYLL.

101. At all relevant times, Plaintiff was an employee within the meaning of the NYLL.

102. In violation of NYLL § 195(3), Defendants failed to provide Plaintiff with wage statements, time sheets, or other documents showing the amount of hours worked, rate of pay and compensation owed.

103. As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants statutory damages in the amount of two hundred and fifty dollars ($250) per

workday that the violation occurred, up to a maximum of five thousand Dollars ($5,000), together with costs and attorneys' fees, pursuant to NYLL § 198(1-d).

## COUNT IX
### FAILURE TO PROVIDE NOTICE AT TIME OF HIRING IN VIOLATION OF THE NYLL

104. Plaintiff hereby repeats and realleges all allegations set forth above as if fully set forth herein.

105. NYLL § 195(1) requires an employer to provide each employee at the time of hiring with a notice containing the rate or rates of pay and basis thereof, allowances claimed as part of the minimum wage, and the regular pay day designated by the employer.

106. At all relevant times, Defendants were employers within the meaning of the NYLL.

107. At all relevant times, Plaintiff was an employee within the meaning of the NYLL.

108. In violation of NYLL § 195(1), Defendants failed to provide Plaintiff at the time of hiring with a notice of his hourly and overtime rates of pay, and the regular pay day designated by Defendants.

109. As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants statutory damages in the amount of fifty dollars ($50) per workday that the violation occurred, up to a maximum of five thousand Dollars ($5,000), together with costs and attorneys' fees, pursuant to NYLL § 198(1-b).

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests relief against Defendants and that a judgment be entered in his favor awarding the following:

a. Designation of this action as a collective action and authorizing prompt issuance of notice, pursuant to 29 U.S.C. § 216(b), to all putative Collective action members apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

b. A declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*, NYLL Articles 6, §§ 190 *et seq.*, 7, § 215, and 19, §§ 650 *et seq.*, as well as the supporting New York State Department of Labor regulations;

c. A permanent injunction prohibiting Defendants from engaging in such future unlawful conduct;

d. Unpaid overtime compensation and minimum wages under the FLSA and an additional and equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor Regulations;

e. Unpaid back and front wages for retaliation under the FLSA and an additional and equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor Regulations;

f. If liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b), are not awarded, an award of pre-judgment interest, pursuant to 28 U.S.C. § 1961;

g. Unpaid overtime compensation and minimum wages under the NYLL and an additional and equal amount as liquidated damages, pursuant to NYLL §§ 198(1-a), 663(1);

h. Unpaid back and front wages for retaliation under the NYLL and an additional and equal amount as liquidated damages, pursuant to NYLL § 215(2)(a);

i. An award of statutory damages for Defendants' failure to provide Plaintiff with wage

statements and notice at the time of hiring, pursuant to NYLL §§ 198(1-b) and (1-d);

j.  An award of pre-judgment interest of nine percent (9%) per annum, pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

k.  An award of post-judgment interest, pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules §§ 5003-5004;

l.  An award of reasonable attorneys' fees, costs, disbursements and further expenses up to fifty dollars ($50), pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198(1), 198(1-a), 198(1-b), 198(1-d), 663(1); and

m.  Any such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated: Bronx, New York
       October 12, 2020

                                    Respectfully submitted,

                                    **PARDALIS & NOHAVICKA, LLP**

                                    _____
                                    Israel Klein, Esq.
                                    950 Third Avenue, 25th Floor
                                    New York, New York 10022
                                    Tel: (212) 213-8511
                                    Fax: (347) 897-0094
                                    Israel@pnlawyers.com
                                    *Attorneys for Plaintiff*